IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYMUNDO EUAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:24-cv-3406 |
| | ) |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; and U.S. BANK TRUST NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF MILL CITY MORTGAGE LOAN TRUST 2019-GS1, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING AND U.S. BANK TRUST NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF MILL CITY MORTGAGE LOAN TRUST 2019-GS1'S NOTICE OF REMOVAL**

Defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and U.S. Bank Trust National Association, as Owner Trustee of Mill City Mortgage Loan Trust 2019-GS1 ("U.S. Bank as Trustee") file this Notice of Removal based upon diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446, for removal to the United States District Court for the Southern District of Texas. In support, Shellpoint and U.S. Bank state the following:

**I.   BACKGROUND**

Plaintiff Raymundo Euan ("Plaintiff" and/or "Euan") filed the underlying lawsuit on August 2, 2024 in the 457th Judicial District Court of Montgomery County, Texas, under Cause Number 24-08-11903. In the lawsuit, Euan admits he defaulted on his mortgage with Shellpoint and U.S. Bank, and that his request for a loan modification was denied. He alleges that certain correspondence that Shellpoint sent him conflicts with the terms of his loan. Based upon these

1

allegations, Euan asserts claims for breach of contract and violation of the Texas Debt Collection Act. He also requests an accounting of the loan and seeks to enjoin a September 2024 foreclosure sale of his property located in The Woodlands, Texas. *See* Ex. A-1, Compl., at 1 ¶ 1; *see* Appl. For TRO.

## II.   DIVERSITY JURISDICTION

### A. Diversity Jurisdiction

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

   *i.   The Parties are citizens of different states.*

2. Diversity jurisdiction exists when "'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Demarest v. HSBC Bank USA, N.A. as Tr.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

3. The Plaintiff is a Texas citizen because he is domiciled there. *See* Ex. A-1, Compl., at 1 ¶ 1; *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

4. Defendant Shellpoint is a citizen of Delaware and New York for the purpose of diversity jurisdiction. Shellpoint is a limited liability company whose citizenship is determined by that of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Shellpoint is a wholly owned subsidiary of Shellpoint Partners, LLC, a Delaware limited liability company. Shellpoint Partners LLC is a wholly owned subsidiary of NRM Acquisition LLC and NRM Acquisition II, LLC, also Delaware limited liability companies. NRM Acquisition LLC and NRM Acquisition II, LLC are wholly owned subsidiaries of New Residential Mortgage

LLC, a Delaware limited liability company. New Residential Mortgage, LLC is a wholly owned subsidiary of Rithm Capital Corp., a Delaware corporation with its principal place of business in New York. Rithm Capital Corp. is a citizen of the states of Delaware and New York for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Thus, Shellpoint is a citizen of Delaware and New York for the purposes of diversity jurisdiction.

5.  Defendant U.S. Bank Trust National Association ("U.S. Bank") is a citizen of Delaware for the purpose of diversity jurisdiction. U.S. Bank is a national banking association whose citizenship is determined by the location of its main office as designated in its articles of association. *See* 28 U.S.C. § 1332(c)(1); *Guillen v. Countrywide Home Loans, Inc.*, No. CV H-15-849, 2016 WL 7103908, at *3 (S.D. Tex. Dec. 6, 2016); *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016). U.S. Bank's citizenship, not that of the Mill City Mortgage Loan Trust 2019-GS1, is determinative. U.S. Bank's citizenship controls because Euan sues it, and U.S. Bank has "real and substantial control" over the assets. *Navarro Sav. Assoc. v. Lee*, 466 U.S. 458, 464-66 (1980); *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Byane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (5th Cir. 2017).

ii.  *The amount in controversy exceeds $75,000.*

6.  The amount in controversy exceeds $75,000 because Euan seeks an accounting for a loan with a payoff amount of $210,566.53 as of June 30, 2024. Ex. A-1, Compl. ¶ 18; *see Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013). In addition, Euan seeks injunctive relief regarding a property that is appraised at more than $365,000. *See Ordonez v. NewRez LLC*, 2020 WL 7258363, at *3 (S.D. Tex. Dec. 9, 2020) (collecting cases) ("In actions enjoining foreclosure, it is the property itself that is the object of litigation; the value of the

property represents the amount in controversy."); Ex. A-6, Appl. For TRO. According to the Montgomery County Central Appraisal District, the property is valued at $365,160. A copy of the appraisal is attached as Exhibit B. Because it is facially apparent that Euan's seeks relief regarding a loan balance that exceeds $75,000, the amount-in-controversy requirement is met.

## THE OTHER PROCEDURAL REQUIREMENTS ARE MET

7. Pursuant to 28 U.S.C. § 1446(b), Shellpoint and U.S. Bank as Trustee have 30 days from the receipt of the Complaint to seek removal of the action to this Court. Euan served Shellpoint with the Summons and Complaint on August 13, 2024, and Euan served U.S. Bank as Trustee with the Summons and Complaint on August 26, 2024. *See* Exs. A-5, A-8. Therefore, Shellpoint and U.S. Bank as Trustee's removal of this lawsuit is timely.

8. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the clerk of the 457th Judicial District Court of Montgomery County, Texas and will serve a copy of the Notice of Removal on Euan.

9. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all processes, pleadings, and orders served upon and readily available to Defendants to date are attached to this notice as composite **Exhibit A**.

10. Shellpoint and U.S. Bank as Trustee reserve the right to amend or supplement this Notice of Removal and reserves the right to assert all defenses and available defensive motions and/or pleadings.

## CONCLUSION

WHEREFORE, Shellpoint and U.S. Bank as Trustee remove Euan's lawsuit from the 457th Judicial District Court of Montgomery County, Texas to the United States District Court for the Southern District of Texas.

Dated:  September 12, 2024.                                    Respectfully Submitted,

/s/ Lauren E. Hayes
Lauren E. Hayes (24081961), attorney-in-charge
SDTX Bar No: 2284655
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701
Phone: 512.479.1163
Fax: 512.479.1101
lauren.hayes@huschblackwell.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.  I further certify that on the same day, I served a copy of the foregoing document via United States mail, postage prepaid and via email, to:

Jeffrey C. Jackson
Jeffrey Jackson & Associates, PLLC
2500 E TC Jester Blvd., Suite 285
Houston, TX 77008

*Attorney for Plaintiff*

*Lauren E. Hayes*
Lauren E. Hayes

HB: 4859-9117-8977.2